UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MARCUS MIDDLEBROOK #351947,  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>KELLY WELLMAN, et al.,  )<br>Defendants.  )<br>  ) | No. 2:21-cv-208<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on January 3, 2023 (ECF No. 83). Judge Vermaat recommends that this Court grant Defendants' motions for summary judgment. The R&R explains that Defendants have established that there are no genuine issues of material fact: Plaintiff did not have a serious medical need, Defendants did not act with deliberate indifference to Plaintiff's medical needs, and Defendants did not substantially burden Plaintiff's religious beliefs by providing him with a vegan religious meal tray (*Id.* at PageID.934). The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed several objections to the R&R (ECF No. 87), and Defendant Wellman filed a response to those objections (ECF No. 89). Defendants have shown that a genuine dispute of material fact does not exist, and Plaintiff has failed to show otherwise. Therefore, the Court will adopt the R&R as the opinion of the Court and grant Defendants' motions for summary judgment.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff Marcus Middlebrook is a prisoner who is confined by the Michigan Department of Corrections ("MDOC") at the Baraga Correctional Facility (AMF) in Baraga, Michigan. Plaintiff claims to practice Judaism. His *pro se* complaint alleges that Defendant Dietician Kelly Wellman and Defendant Nurse Practitioner Patricia Lewis were deliberately indifferent to his serious medical needs when they refused to alter his religious diet to accommodate his soy intolerance (ECF No. 1 at PageID.3-12). He also alleges that Defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by forcing him to choose between (1) eating a kosher diet that caused him to be ill, and (2) not eating a kosher diet and abandoning his sincerely held religious beliefs (*Id.* at PageID.9-12). The R&R recommends granting summary judgment to Defendants on both claims. Plaintiff objects to numerous findings in the R&R.

This Court conducted a de novo review of Plaintiff's objections to the R&R. On review of the evidence, the R&R is adopted over Plaintiff's objections.

First, Plaintiff objects to the finding that his soy intolerance did not amount to a serious medical need. He argues that the Magistrate Judge considered only his gastrointestinal symptoms in reaching this finding and that Judge Vermaat failed to consider his headaches and dizziness. Respectfully, Plaintiff's assertion is patently false. Although the R&R thoroughly explains why gastrointestinal symptoms alone generally do not constitute serious medical needs, it proceeds to explain why Plaintiff's soy intolerance—which caused "dizziness, cramps, headaches, nausea, diarrhea, and a loss of appetite"—did not constitute a serious medical need, given that healthcare providers repeatedly classified Plaintiff as "well-nourished" (ECF No. 83 at PageID.950). Moreover, Judge Vermaat opined that even if Plaintiff met the objective prong of the deliberate indifference analysis by showing that he had a serious medical need, he could not meet the subjective prong because Defendants provided adequate treatment for Plaintiff's soy intolerance. Therefore, Plaintiff has failed to show that a genuine dispute of material fact exists as to his Eighth Amendment deliberate indifference claim. His first objection is overruled.

Plaintiff's second objection largely concerns the evidence that Judge Vermaat relied upon in finding that Defendants were not deliberately indifferent. He first takes issue with Judge Vermaat's finding that Plaintiff was never underweight based on the CDC's Adult BMI Calculator (*see id.*) (finding that, based on the Adult BMI Calculator, throughout the time period at issue, Plaintiff was either overweight or healthy). But Plaintiff has provided no evidence to create a genuine dispute of material fact showing otherwise. In any event,

Plaintiff's medical records show that his weight fluctuated from 201 pounds, to 208 pounds, to 187 pounds and that he was "well-nourished" (ECF Nos. 59-9, 59-10, 59-11, 59-12). The Court has not located, nor has Plaintiff identified, anywhere in his medical records that would indicate that Plaintiff was malnourished or underweight.

The remainder of Plaintiff's arguments under objection #2 are generally similar to the arguments raised in his responses to Defendants' motions for summary judgment. These arguments fail to create a genuine dispute of material fact. Moreover, these objections—which simply disagree with the Magistrate Judge's findings—are not specific objections within the meaning of Fed. R. Civ. P. 72. *See Brown*, 2017 WL 4712064, at *2; *Mira*, 806 F.2d at 637. Therefore, Plaintiff's second objection is also overruled.

Third, Plaintiff disagrees that he failed to establish a genuine dispute of material fact with respect to his RLUIPA claim. He asserts that he was either forced to (1) "suffer the ailments" associated with eating a kosher diet, or (2) abandon his religious practices by eating a non-kosher diet (ECF No. 87 at PageID.977). However, Judge Vermaat thoroughly explained why Plaintiff was not put in such a position, given the existence of a third option: Plaintiff can continue consuming the kosher diet, while avoiding the foods containing soy, and maintain a healthy diet. This is precisely the course of action that Plaintiff has taken. Therefore, Plaintiff has failed to create a genuine issue of material fact as to how this third option would give rise to a violation of the RLUIPA. Plaintiff's third objection is also overruled.

Fourth, Plaintiff asserts that the blood test that Judge Vermaat relied upon—which shows that Plaintiff does not have a soy allergy—was "unlawfully extracted from Plaintiff" and

4

that the results were tampered with (*Id.*). Plaintiff provides no evidence to support this theory, and the Court will not entertain such a fantastical argument. Therefore, Plaintiff's fourth objection is overruled.

Finally, Plaintiff challenges the Magistrate Judge's findings that Defendants are entitled to qualified and sovereign immunity. But Plaintiff fails to provide any support for this argument or develop it in any meaningful fashion. This conclusory objection is therefore overruled.

Given that Plaintiff's objections fail to establish a genuine dispute of material fact, the Court accepts the Magistrate Judge's recommendation to grant Defendants' motions for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 83) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 57, 58) are **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: February 1, 2023                              /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge